IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02026-RPM-KLM

BOND SAFEGUARD INSURANCE COMPANY,

      Plaintiff,

v.

CONTINENTAL DIVISIONS, LLC,
PRIMERO RANCH COMPANY,
THE PEARL E. ARNOLD TRUST, and
STEVE N. ARNOLD,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Entry of Default Judgment Against All Defendants** [Docket No. 12; Filed October 11, 2012] (the "Motion"). Defendants have not responded to the Motion. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for a recommendation regarding disposition [#13]. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#12] be **GRANTED**.

### I. Background

On August 2, 2012, Plaintiff initiated this suit, alleging that Defendants entered into an Indemnity Agreement ("Agreement") with Plaintiff on August 1, 2005. *See Compl.* [#1]

¶ 17.  Relying on the Agreement, Plaintiff, as surety, issued bonds naming Defendant Continental Divisions, LLC ("CD") as the principal.  *Id.* ¶ 18.  Plaintiff states that Defendants failed to pay premiums on the bonds and failed to indemnify Plaintiff for amounts it paid out on behalf of Defendants.  *Id.* ¶¶ 20, 21, 24, 38.  Based on these allegations, Plaintiff asserts five claims against Defendants: (1) breach of indemnity agreement; (2) claim on surety's equitable rights; (3) open account; (4) unjust enrichment; and (5) implied contract.  *Id.* ¶¶ 27-59.  Plaintiff seeks damages, attorneys' fees, costs, expenses, and interest.  *Id.* ¶ 26.

Plaintiff served Defendants with the Complaint and the Summons on August 29, 2012, thereby making their answers or other responses due by September 19, 2012 [#5, #6, #7, #8].  Defendants failed to make any filings and, pursuant to Fed. R. Civ. P. 55(a), the Clerk of the Court entered default against Defendants on October 4, 2012 [#11].  Plaintiff subsequently filed the present Motion [#12], in which it seeks entry of default judgment against each Defendant.

## II. Standard

Pursuant to Fed. R. Civ. P. 55(a), default may enter against a party who fails to appear or otherwise defend the case brought against it.  However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).  Rather, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment."  *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted).  "'[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be

-2-

protected lest [it] be faced with interminable delay and continued uncertainty as to [its] rights. The default judgment remedy serves as such a protection.'" *In re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, the moving party enjoys the benefit of deferential pleading interpretation. The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true. *Id.* at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.* When assessing damages, however, the Court must establish the amount that the moving party is entitled to recover. *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Whether to conduct a hearing for the purpose of ascertaining damages is discretionary; the Court need not conduct a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Held v. Shelter Sys. Group Corp.*, No. 93-1225, 1994 WL 47157, at *1 (10th Cir. 1994) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)).

### III. Analysis

In determining whether the entry of default judgment is warranted here, the Court must first consider whether it may exercise subject matter and personal jurisdiction over the parties and the dispute. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d

767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Williams*, 802 F.2d at 1203. Here, Plaintiff is incorporated in the State of Illinois and seeks more than $287,000 in damages. *Compl.* [#1] ¶¶ 1, 26. Defendant Steven N. Arnold ("Arnold") resides in Colorado; Defendant CD is a limited liability company and Defendant Primero Ranch Company is a corporation, each organized and existing under the laws of the State of Colorado with their principal places of business in the State of Colorado; and Defendant The Pearl Arnold Trust was created in Colorado and is controlled by a Colorado resident, Defendant Arnold. *Id.* ¶¶ 3, 6, 8, 12. The Court therefore finds that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs, and that it has personal jurisdiction over each of the four Colorado Defendants. *See Bond Safeguard Ins. Co. v. Ridgeview Dev.*, No. 11-cv-03275-WJM-KMT, 2012 WL 4511285, at *2 (D. Colo. Oct. 1, 2012) (finding the same on similar facts).

In its first cause of action, Plaintiff asserts that Defendants breached the Agreement by not paying premiums on the bonds and by not indemnifying Plaintiff for the amounts it paid out their behalf. *Id.* ¶¶ 27-38. Under Colorado law, the elements for a claim for breach of contract are: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) the defendants' failure to perform the contract; and (4) damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). In its Complaint, Plaintiff demonstrates: (1) that each Defendant signed the

-4-

Agreement, *Ex. A to Compl.* [#1-1] at 3-4; (2) that Plaintiff satisfied its obligations pursuant to the Agreement by providing bonds, *id.* at 1-2, *Compl.* [#1] ¶ 18; (3) that all Defendants failed to make the required payments, *Compl.* [#1] ¶¶ 20, 22; and (4) that Plaintiff suffered damages as a result of Defendants' failure, *id.* ¶¶ 21-26.  The Court therefore finds that Plaintiff is entitled to recover damages on its claim for breach of the Agreement.[1]  *See Bond Safeguard Ins. Co.*, 2012 WL 4511285, at *2 (finding the same on similar facts).

In addition to finding that Plaintiff has a legal basis for relief, default judgment cannot be entered until the amount of damages has been ascertained.  *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984).  A default judgment for money damages must be supported by proof.  *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).  This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence.  *See id.*  Here, Plaintiff supports its request for damages with an affidavit from an employee of Plaintiff in charge of the collection of certain debts owed to Plaintiff.  *See Aff. of Damages* [#12-3] ¶ 1.  The affiant asserts that, as of October 5, 2012, Defendants owe Plaintiff $30,168.00 in unpaid bond premiums and $261,921.47 paid to Defendants' obligees and creditors under the bond.  *Id.* ¶¶ 8-9.  Accordingly, the Court finds that default judgment should be entered in Plaintiff's favor for the above-listed amounts.

Finally, Plaintiff seeks attorneys' fees, costs, and expenses.  Fed. R. Civ. P. 54(d) provides that costs, not including attorneys' fees, should be awarded to a prevailing party upon the filing of a bill of costs.  *See* 28 U.S.C. § 1920.  Further, the Agreement provides that Defendants shall indemnify Plaintiff for all expenses, including attorneys' fees incurred

---

[1]  Because Plaintiff is entitled to recover all of its damages based on this claim alone, the Court declines to address the merits of Plaintiff's other four claims.

as a consequence of the execution of the bonds.  *Ex. A to Compl.* [#1-1] ¶ 2.  The Court therefore finds that Plaintiff is entitled to an award of attorneys' fees and costs.

Pursuant to D.C.COLO.LCivR 54.3B., a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed . . . ."  Plaintiff submitted an affidavit from Jerome M. Joseph ("Joseph"), lead counsel for Plaintiff in this case [#12-4].  According to Mr. Joseph, Plaintiff's attorneys' fees in this matter total $2,140, which is 9.4 hours at the partner rate of $200 per hour and 2.6 hours at the paralegal rate of $100 per hour.  *Aff. of Joseph* [#12-4] ¶ 2.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall.  *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).  Based on the undersigned's twenty-seven years of combined private and judicial experience and careful consideration of the declarations and the issues underlying this matter, the Court finds that Attorney Joseph's claimed fees are reasonable here.  *See, e.g., Onesource Commercial Prop. Servs., Inc. v. City & Cnty. of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011).  Lastly, costs are to be determined by the Clerk of Court based on the filing of a Bill of Costs after judgment.

## IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#12] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that judgment enter in favor of Plaintiff and against Defendants in the amount of $294,229.47 plus post-judgment interest and taxable costs.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 27, 2012, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge